PER CURIAM.
The Court, on its own motion, amends Florida Rule of Appellate Procedure 9.210 (Briefs). See Fla. R. Jud. Admin. 2.140(d). We have jurisdiction. See art. V, § 2(a), Fla.' Const.
It has been the Court’s longstanding practice to permit the appellate briefs filed in certain cases relating to the imposition of a sentence of death to exceed the standard page limits set out in rule 9.210. However, this practice, which is specific to the Court’s death penalty cases, has been implemented through the issuance of standard Court orders on a case-by-case basis, rather than as a codified practice set forth in the Florida Rules of Appellate Procedure.
New subdivision (a)(6), which we add to rule 9.210, formalizes the Court’s practice of permitting longer appellate briefs in certain cases relating to the imposition of a sentence of death. The new subdivision also sets out page limits for appellate briefs in certain death penalty case types in which a notice of cross-appeal is filed.
Accordingly, we amend Florida Rule of Appellate Procedure 9.210 as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments with the Court.[1] The Court specially requests comments from The Florida Bar’s Appellate Court Rules Committee.
It is so ordered.
LABARGA, C.J., and PARIENTE, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.
LEWIS, J., concurs in result.
APPENDIX
RULE 9.210. BRIEFS.
(a) Generally. In addition to briefs on jurisdiction under rule 9.120(d), the only briefs permitted to be filed by the.parties in any one proceeding are the initial brief, the answer brief, a reply brief, and a cross-reply brief. All briefs required by these rules shall be prepared as follows:
(1) — (4) [No Change]
*63 (5) Except as provided in subdivision (a)(6) of this rule, Tthe initial and answer briefs shall not exceed 50 pages in length, provided that if a cross-appeal has been filed, the answer brief/initial brief on cross-appeal shall not exceed 85 pages. Reply briefs shall not exceed 15 pages in length; provided that if a cross-appeal has been filed, the reply brief shall not exceed 50 pages, not more than 15 of which shall be devoted to argument replying to the answer portion of the appellee/cross-appel-lant’s brief. Cross-reply briefs shall not exceed 15 pages. Briefs on jurisdiction shall not exceed 10 pages. The tables of contents and citations, the certificates of service and compliance, and the signature block for the briefs author, shall be excluded from the computation. Longer briefs may be permitted by the court.
(6) In an appeal from a judgment of conviction imposing a sentence of death or in an appeal from an order ruling on, after an evidentiary hearing, an initial postcon-viction motion filed under Florida Rule of Criminal Procedure 3.851, the initial and answer briefs shall not exceed 100 pages in length, provided that if a cross-appeal has been filed, the answer briefiinitial brief on cross-appeal shall not exceed 150 pages. Reply briefs shall not exceed 35 pages in length, provided that if a cross-appeal has been filed, the reply brief shall not exceed 100 pages, not more than 35 of which shall be devoted to argument replying to the answer portion of the appellee/cross-appel-lant’s brief. Cross-reply briefs shall not exceed 35 pages. In an appeal from an order summarily denying an initial post-conviction motion filed under Florida Rule of Criminal Procedure 3.851, ruling on a successive postconviction motion filed under Florida Rule of Criminal Procedure 3.851, finding that a defendant is.intellectually disabled as a bar to execution under Florida Rule of Criminal Procedure 3.203, or ruling on a motion for postconviction DNA testing filed under Florida Rule of Criminal Procedure 3.853, the initial and answer briefs shall not exceed 75 pages in length. Reply briefs shall not exceed 25 pages in length. The tables of contents and citations, the certificates of service and compliance, and the signature block for the briefs author, shall be excluded from the computation. Longer briefs may be permitted by the court.
(b) — (g) [No Change]
Committee Notes
[No Change]
Court Commentary
[No Change]

. All comments must be filed with the Court on or before May 11, 2015. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.