# Supreme Court of Florida

_____

No. SC15-146

_____

**IN RE:  AMENDMENTS TO FLORIDA RULE OF APPELLATE
PROCEDURE 9.210.**

[August 27, 2015]

PER CURIAM.

We have for consideration further amendments to Florida Rule of Appellate

Procedure 9.210 (Briefs) recommended by The Florida Bar's Appellate Court

Rules Committee (Rules Committee).  The Rules Committee recommends the

amendments in its comment supporting the substance of the amendments to rule

9.210(a) recently adopted on the Court's own motion.  See In re Amends. to Fla. R.

App. Proc. 9.210, 160 So. 3d 62 (Fla. 2015).  We have jurisdiction[1] and amend rule

9.210 as recommended by the Rules Committee.

_____

    1. See art. V, § 2(a), Fla. Const.

In the March 12, 2015, opinion in this case, the Court amended rule 9.210, on its own motion, to add new subdivision (a)(6) to the rule. New subdivision (a)(6) formalizes the Court's practice of permitting longer appellate briefs in certain cases relating to the imposition of a death sentence and sets page limits for appellate briefs in certain death penalty case types in which a notice of cross-appeal is filed. The amendments became effective immediately upon the release of the March 12 opinion. Because the amendments were not published for comment prior to being adopted, interested persons were given sixty days from the date of the opinion to comment, and the Rules Committee was asked to file a comment.

The Rules Committee filed a comment[2] supporting the substance of the Court's amendments to rule 9.210(a) and recommending further amendments to the rule to eliminate unnecessary repetition in the rule and to make the rule easier to follow. The Executive Committee of the Board of Governors of The Florida Bar unanimously approved the recommended amendments.

As recommended by the Rules Committee, we reorganize existing subdivisions (a)(5) and (a)(6) of rule 9.210 into five new subdivisions: (a)(5)(A)–(a)(5)(E). New subdivisions (a)(5)(A)–(a)(5)(D) govern page limitations for the various briefs filed in different types of appeals, currently addressed in

_____

2. A second comment, which we do not discuss further, suggested rule amendments beyond the scope of the amendments to rule 9.210 at issue here.

subdivisions (a)(5) and (a)(6). New subdivision (a)(5)(E) is a general provision, moved from subdivision (a)(5), that lists the items excluded from the computation of page limits for all briefs and states that the court may permit longer briefs. Some of the existing language moved to the new subdivisions is slightly reworded. The reorganization and rewording of the subdivisions are intended to eliminate any redundancy in the rule and to make the rule easier to understand.

Accordingly, we amend the Florida Rules of Appellate Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective immediately upon the release of this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure Committee

Judge T. Kent Wetherell, II, Chair, Appellate Court Rules Committee, Tallahassee, Florida; Wendy S. Loquasto, Past Chair, Appellate Court Rules Committee, Fox & Loquasto P.A., Tallahassee, Florida; John F. Harkness, Jr., Executive Director, and Heather Savage Telfer, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida; and Patrick W. Wharen, Sr., Hamilton Correctional Institution Annex, Jasper, Florida,

Responding with Comments

**APPENDIX**

**RULE 9.210.     BRIEFS.**

**(a)     Generally.** In addition to briefs on jurisdiction under rule 9.120(d), the only briefs permitted to be filed by the parties in any one proceeding are the initial brief, the answer brief, a reply brief, and a cross-reply brief. All briefs required by these rules shall be prepared as follows:

(1) – (4)     [No Change]

(5)     The page limits for briefs shall be as follows:

(A)     Briefs on jurisdiction shall not exceed 10 pages.

(B)     Except as provided in subdivisions (a)~~(6)~~(5)(C) and (a)(5)(D) of this rule, the initial and answer briefs shall not exceed 50 pages ~~in length, provided that~~and the reply brief shall not exceed 15 pages. ~~i~~If a cross-appeal ~~has been~~is filed, the appellee's answer ~~brief~~/cross-initial brief ~~on cross-appeal~~ shall not exceed 85 pages~~. Reply briefs shall not exceed 15 pages in length; provided that if a cross-appeal has been filed~~, and the appellant's reply/cross-answer brief shall not exceed 50 pages, not more than 15 of which shall be devoted to argument replying to the answer portion of the appellee's answer/cross-~~appellant's~~initial brief. Cross-reply briefs shall not exceed 15 pages. ~~Briefs on jurisdiction shall not exceed 10 pages. The tables of contents and citations, the certificates of service and compliance, and the signature block for the brief's author, shall be excluded from the computation. Longer briefs may be permitted by the court.~~

~~(6)~~(C) In an appeal from a judgment of conviction imposing a sentence of death or ~~in an appeal~~ from an order ruling ~~on,~~ after an evidentiary hearing~~,~~ on an initial postconviction motion filed under Florida Rule of Criminal Procedure 3.851, the initial and answer briefs shall not exceed 100 pages ~~in length, provided that~~and the reply brief shall not exceed 35 pages. ~~i~~If a cross-appeal ~~has been~~is filed, the appellee's answer ~~brief~~/cross-initial brief ~~on cross-appeal~~ shall not exceed 150 pages~~. Reply briefs shall not exceed 35 pages in length, provided that if a cross-appeal has been filed~~, and the appellant's reply/cross-answer brief shall not exceed 100 pages, not more than 35 of which shall be devoted to argument replying to the answer portion of the appellee's answer/cross-~~appellant's~~initial brief. Cross-reply briefs shall not exceed 35 pages.

(D)     In an appeal from an order summarily denying an initial postconviction motion filed under Florida Rule of Criminal Procedure 3.851, a ruling on a successive postconviction motion filed under Florida Rule of Criminal Procedure 3.851, a finding that a defendant is intellectually disabled as a bar to execution under Florida Rule of Criminal Procedure 3.203, or a ruling on a motion for postconviction DNA testing filed under Florida Rule of Criminal Procedure 3.853, the initial and answer briefs shall not exceed 75 pages ~~in length~~. Reply briefs shall not exceed 25 pages ~~in length~~.

(E)     The tables of contents and citations, the certificates of service and compliance, and the signature block for the brief's author, shall be excluded from the ~~computation~~page limits in subdivisions (a)(5)(A)–(a)(5)(D). ~~Longer briefs may be permitted by the court.~~The court may permit longer briefs.

**(b) – (g)     [No Change]**

**Committee Notes**

**[No Change]**

**Court Commentary**

**[No Change]**